UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERTO ROMERO, M.D.,

                                  Plaintiff,        CIVIL CASE NO. 06-10859

v.

IRINA BUHIMSCHI, M.D., *et al*.,                HONORABLE PAUL V. GADOLA
                                                                U.S. DISTRICT JUDGE
                                Defendants.
_____/

## ORDER

**I.    Background**

Now before the Court are various objections to the Report and Recommendation of Magistrate Judge Donald A. Scheer. For the reasons stated below, the Court accepts Magistrate Scheer's recommendations.

Plaintiff Roberto Romero, M.D., filed a complaint alleging seven claims against the various Defendants Irina Buhimschi, M.D., Yale University ("Yale"), Carl Weiner, M.D., and the Royal College of Obstetricians and Gynaecologists ("RCOG"). All the counts relate to the alleged improper publication of an academic article of which Plaintiff Romero claims to be an uncredited author.

On May 22, 2007, Magistrate Judge Scheer issued a Report and Recommendation related to Defendants' motions to dismiss. In reviewing the motions, Magistrate Judge Scheer recommended that Plaintiff's Count I, alleging a violation of the Lanham Trademark Act, 15 U.S.C. § 1125(a) against all defendants, be dismissed; Count II, alleging a violation of an implied-in-fact contract against Buhimschi, proceed; Count III, a claim of negligence against Defendant Royal

College of Obstetricians and Gynaecologists, be dismissed; Count IV, alleging that Defendant Carl Weiner tortiously interfered with Plaintiff's advantageous business relationship with the British Journal of Obstetrics and Gynaecology ("BJOG"), be dismissed; Count V, alleging defamation by Defendants Buhimschi and Yale University, be dismissed in part; Count VI, alleging defamation by Defendant Weiner, be dismissed; and Count VII, alleging that Defendant RCOG issued a false statement about the authorship of the disputed article that contained "express or implied false representations," be dismissed. Magistrate Judge Scheer also notified the parties that objections to the Report and Recommendation had to be field within ten days.

Plaintiff filed objections to the Report and Recommendation with respect to Counts I-IV and Count VII. Defendant Buhimschi filed objections as to Counts II and V. Defendant Yale University filed objections to Count V. All parties filed responses to the objections raised.

## II. Legal Standard

The Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the report and recommendation, the Court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), that states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this

rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

Here, because the parties have filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807. *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id*; 12 Wright, Federal Practice § 3070.2.

### III. Analysis

The Court has reviewed the complaint as to each count, considered the evidence presented, the recommendation of Magistrate Judge Scheer, and the objections and responses filed.

#### A. Count I.

Magistrate Judge Scheer's report and recommendation concluded that Plaintiff's Lanham Trademark Act claim was foreclosed by the United States Supreme Court decision of *Dastar Corp.*

*v. 20th Century Fox Film Corp.*, 539 U.S. 23 (2003). Plaintiff argues that the Magistrate Judge is incorrect because his claim is not merely one of plagiarism or failure to attribute authorship to Plaintiff but instead is a claim that Defendants provided false and misleading descriptions and representations that are likely to cause confusion regarding the paper in question. Plaintiff claims that Defendants falsely reported where the research underlying the paper was conducted, who approved the research, and how the research was funded.

The Court accepts the Magistrate's recommendation with respect to this claim for several reasons. First, Plaintiff does not have standing to bring suit on behalf of institutions or organizations that he believes should have received credit for conducting research or providing funding for the research. Second, despite Plaintiff's claims to the contrary, the Court agrees that Plaintiff's claim is barred by the Supreme Court precedent of *Dastar Corp.*, 539 U.S. 23 (2003). Numerous cases support this proposition. *See e.g.*, *Zyla v.* Wadsworth, 360 F.3d 243 (1st Cir. 2004)(finding that where the plaintiff had withdrawn her permission for the defendant to use her work in a textbook but the work was used anyway, there was no claim under the Lanham Act because the Act does not allow for claims of false authorship); *Radolf v. Univ. of Conn.*, 364 F. Supp. 3d 204, 222 (D. Conn. 2005)("In short, Dr. Radolf asserts that Defendants passed off his research as their own. And that type of claim, however styled, is barred by the language of the holding in Dastar."); *Thomas Publishing Co. LLC, v. Tech. Evaluation Centers, Inc.*, 2007 WL 2193964 (S.D.N.Y. July 27, 2007)(dismissing Plaintiff's Lanham Act claim where the plaintiff, like Romero, argued that its claim was not merely "a simple allegation of copying" but alleging that the defendant affirmatively and falsely represented that the defendant had originated, developed and created the works in

4

question such that there would likely be confusion); *National Business Development Services, Inc., v. American Credit Education & Consulting, Inc.*, 2007 WL 1500292 (E.D. Mich. May 23, 2007)(Zatkoff, J.)(finding that where defendants had taken some of the plaintiff's copyrighted written materials and then advertised, promoted, and offered those materials for sale, no claim was possible under the Lanham Act).

In the face of this precedent, Plaintiff's objections, despite the colorful and imaginative examples provided in an effort to demonstrate his point, fail to cite any case in support of his position, distinguishing his claim from those prohibited by the Supreme Court in *Dastar*. Accordingly, the objections as to the report and recommendation as to Count I will be overruled and Count I will be dismissed.

### B. Count II

Magistrate Judge Scheer recommended that Plaintiff's claim, alleging that Buhimschi breahced an implied-in-fact contract, should not be dismissed. Defendant Buhimschi objects arguing that Plaintiff has failed to specifically plead the essential elements of an implied-in-fact contract. Buhimschi argues that Magistrate Judge Scheer erred in applying the recently abrogated "no set of facts" language set forth in *Conley v. Gibson*, 78 S. Ct. 99 (1957) to Defendants' motion to dismiss.

On May 21, 2007, one day before Magistrate Judge Scheer's Report and Recommendation was issued, the Supreme Court issued *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). In *Twombly*, the Court overruled the 1957 "no set of facts" language of *Conley v. Gibson*, 78 S. Ct. 99 (1957), stating,

> The 'no set of facts' language has been questioned, criticized, and explained away long enough by courts and commentators, and is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.

*Twombly*, 127 S.Ct. 1959-60. Instead, the Supreme Court concluded that Federal Rule of Civil Procedure 8 requires the claimant to put forth "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the requisite elements of the claim]." *Id.* at 1965.

In the present case, reviewing the evidence, the Court concludes that the change in the standard does not affect the validity of the Magistrate's conclusion. Magistrate Judge Scheer found that Plaintiff's assistance with the preparation of the manuscript had not been demonstrated to be part of any pre-existing duty and therefore could conceivably constitute adequate consideration for a separate promise on Defendant Buhimschi's part to list Plaintiff as a co-author of the article. That conclusion is correct. The Court will grant a motion for dismissal pursuant to Rule 12(b)(6) only in cases where the are simply not "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. Plaintiff is not required to plead with specificity. *See* Fed. R. Civ. P. 8. Indeed, the Court is required not only to accept all factual allegations as true, but also to draw all reasonable inferences in favor of the Plaintiff. *See Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir.1994) (*citing Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976)). In the present case, Plaintiff has adequately plead a claim for an implied-in-fact contract under both the old "no set of facts" standard considered by Magistrate Judge Scheer, and under the *Twombly* standard.

### C.     Count III

Magistrate Judge Scheer recommended that Plaintiff's claim, alleging a claim of negligence

against Defendant RCOG, should be dismissed because Plaintiff has failed to demonstrate that there was any legal duty owed by Defendant to Plaintiff based upon the publication standards of private organizations, organizations to which RCOG was admitted. The Court agrees. Plaintiff has failed to cite any authority in support of its position that the Michigan Supreme Court would find a legal duty owed to Plaintiff. To the contrary, in the only relevant case cited, *Adkins v. Mong*, 168 Mich. App. 726, 730 (1988), the Michigan Court of Appeals declined to find that a pharmacist had a duty to a customer based upon the standards set forth by the American Pharmaceutical Association. Plaintiff's assertion that the Magistrate Judge failed to consider the relevant factors when deciding whether a legal duty had arisen, *see Buczkowski v. McKay*, 441 Mich. 96, 100-101, n.3-n.5 (1992), does not change the outcome. This Court, even when considering the factors set forth, and in light of *Adkins*, fails to find any support for the proposition that the Michigan Supreme Court would impose a legal duty upon Defendant.

### D. Count IV

Magistrate Judge Scheer recommended that Plaintiff's claim for tortious interference with an advantageous relationship against Defendant Carl Weiner be dismissed. In so recommending, the Magistrate Judge found that just as Plaintiff had failed to demonstrate that the voluntary adoption of private standards of conduct creates a legal duty, the adoption also fails to establish a cognizable expectancy of an advantageous business relationship. Plaintiff has filed objections, arguing that the expectation was reasonable and was not illusory.

The Court rejects Plaintiff's arguments and concludes that Plaintiff has failed to allege a business relationship with "some degree of specificity" such that a future gain is not merely "wishful

7

thinking" but instead is a "realistic expectation." *Behrend v. Bell Telephone Co.*, 363 A.2d 1152, 1160 (Pa. Super. Ct. 1982)(cited in *Schipani v. Ford Motor Co.*, 102 Mich. App. 606 (1981)). Plaintiff's claim of expectation based entirely upon the BJOG's adherence to the publishing standards does not allege "a specific and reasonable prospective economic advantage that was interfered with." *Schipani*, 102 Mich. App. at 622.

### E. Count V

Magistrate Judge Scheer recommended that Defendants' motion to dismiss be granted as to Plaintiff's claims of defamation against Defendants Buhimschi and Yale for all statements and republications occurring more than one year before this action was filed, pursuant to the Michigan statute of limitations.[1] Furthermore, the Magistrate Judge recommended that the motion be denied with respect to all other statements or republications because Plaintiff had sufficiently plead a claim for defamation under the liberal pleading requirements of Federal Rule of Civil Procedure 8.

Defendant Yale University objects to the Report and Recommendation's finding that Plaintiff has sufficiently plead defamation. In particular, Defendant argues that under Michigan law, a Plaintiff is required to plead defamation with specificity. *See Royal Palace Homes v. Channel 7*, 197 Mich. App. 48, 52 (1992); *Gonyea v. Motor Parts Fed'l Credit Union*, 192 Mich. App. 74, 77 (1991). Defendant also argues that the Magistrate Judge improperly applied *Conley v. Gibson*, 355 U.S. 41 (1957) in light of the *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).

In finding that Plaintiff has sufficiently plead defamation against Yale under Fed. R. Civ. P. 8, Magistrate Judge Scheer relied upon *Suarez v. CBS, Inc.*, 23 F.3d 408 (6th Cir. 1994)(table case).

---

[1]No party has filed objections as to this recommendation.

Although *Suarez* does indicate that a Plaintiff need not plead defamation with specificity under the Federal Rules of Civil Procedure, *Suarez* has received no traction as precedent; no cases have cited *Suarez* for that point. However, several other Sixth Circuit cases since *Suarez* have found that a claim of defamation under Michigan law must be plead with specificity. *See Boladian v. UMG Recordings, Inc.*, 23 Fed. App'x 165 (6th Cir. 2005)(citing *Stencel v. Augat Wiring Sys.*, 173 F. Supp. 2d 669, 680 (E.D. Mich. 2001) and finding that the plaintiff's allegations were "not enough to satisfy the requirements of Michigan law, which requires that the elements of a claim of defamation be specifically pleaded"); *Kahlich v. City of Grosse Pointe Farms*, 120 Fed. App'x 580, 586 (6th Cir. 2005)(citing *Gonyea*, 192 Mich. App. 74, and stating that because the plaintiff "failed to 'specifically' plead to whom the individual defendants published the allegedly defamatory statements," the claim was subject to dismissal); *Michigan Dessert Corp. v. Baldwin Richardson Foods, Inc.*, Case No. 06-15726, 2007 WL 851001 (E.D. Mich. Mar. 15, 2007)(Cohn, J.)(citing *Royal Palace Homes*, 197 Mich. App. at 52, and finding that "Defamation claims must be plead with specificity.").Therefore, in light of the more recent case law, the Court finds that a claim for defamation under Michigan law must be plead with specificity.

Turning then to examine Plaintiff's claims in the instant case, reading the complaint as a whole, and considering the allegations under the new standard set forth in *Twombly*, 127 S.Ct. at 1965, Plaintiff has alleged with the necessary specificity Count V for defamation against Defendants. Although reading the paragraphs of the complaint in isolation, as Defendants appear to suggest, fail to reveal the necessary specificity, when read together, the allegations give the Defendants fair notice of the allegations, including the "who, what, and when" of the defamation

claim. *See Rouch v. Enquirer & News of Battle Creek Michigan*, 440 Mich. 238, 272 (1992).

### F. Count VI

The Report and Recommendation as to Count VI, defamation by Defendant Carl Weiner, recommends that the count be dismissed because the statements in question were made more than one year prior to the filing of the action. *See* M.C.L. § 600.5805 (1), (9). No party has filed objections to this portion of the report and recommendation. Nevertheless, the Court has reviewed the matter and finds that dismissal in accordance with the Report and Recommendation is appropriate.

### G. Count VII

Finally, Magistrate Judge Scheer recommended that Plaintiff's claim against Defendant RCOG based upon its issuance of a Statement of Disputed Authorship in the April 2006 issue of the BJOG, be dismissed. The Magistrate Judge concluded that to the extent that Plaintiff relies upon BJOG's voluntary adoption of publication standards established by third party journalistic organizations to create a duty owed by BJOG to Plaintiff, Plaintiff had failed to state a claim upon which relief could be granted. The Magistrate Judge relied upon the same reasons stated with respect to Count III. Plaintiff has raised the same objections to Count VII as to Count III, and for the same reasons as stated with respect to Count III above, the Court rejects Plaintiff's arguments.

## IV. Conclusion

For all of the foregoing reasons, after a *de novo* those portions to which an objection has been made,

**IT IS HEREBY ORDERED** that, to the extent not inconsistent with this order, the Report

and Recommendation of the Magistrate Judge [docket entry #51] is **ACCEPTED AND ADOPTED** as the order of the Court.

**IT IS FURTHER ORDERED** that Defendant Buhimschi's Motion to Dismiss [docket entry #11] is **GRANTED** as to Count I, **DENIED** as to Count II, and **GRANTED IN PART** as to Count V.

**IT IS FURTHER ORDERED** that Defendant Yale University's Motion to Dismiss [docket entry #8] is **GRANTED** as to count I and **GRANTED IN PART** as to Count V.

**IT IS FURTHER ORDERED** that Defendant Weiner's Motion to Dismiss [docket entry #20 ] is **GRANTED** as to Counts I, IV, and VI.

**IT IS FURTHER ORDERED** that Defendant Royal College of Obstetricians and Gynaecologists Motion to Dismiss [docket entry #36 ] is **GRANTED** as to Counts I, III, and VII.

**IT IS FURTHER ORDERED** that Defendant Royal College of Obstetricians and Gynaecologists second Motion to Dismiss [docket entry #34 ], pursuant to Fed. R. Civ. P. 12(b)(2) is **DENIED AS MOOT**.

**SO ORDERED.**

Dated:  September 28, 2007                   s/Paul V. Gadola
                                                               HONORABLE PAUL V. GADOLA
                                                               UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  October 1, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Peter M. Falkenstein; Timothy E. Galligan; Deborah S. Howard; Nicholas R. Kadar; Peter E. Keith; Katherine W. MacKenzie; Leonard M. Niehoff                                            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                           .

                                                        s/Ruth A. Brissaud
                                                      Ruth A. Brissaud, Case Manager
                                                      (810) 341-7845